SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**ASHLEY R. CADOTTE, OSB #122926**
Assistant United States Attorney
Ashley.Cadotte@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:20-cr-00263-IM |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **KEVIN BENJAMIN WEIER,** | |
| Defendant. | |

INTRODUCTION

While present at a protest outside the Mark O. Hatfield Courthouse, defendant repositioned a lit board against the courthouse in an attempt to damage the courthouse.  By plea agreement, the parties jointly recommend that the Court impose a one-year term of probation.

FACTUAL BACKGROUND

A.    **The Offense Conduct**

During the summer of 2020, protests were regularly occurring in various areas around Portland, including near the Mark O. Hatfield U.S. Courthouse.  The daily protests were frequently followed by nightly criminal activity in the form of vandalism, destruction of property, looting, arson, and assault.  Due to widespread vandalism, including several shattered windows and extensive graffiti, the courthouse was covered with protective wooden siding

comprised of a mix of plywood and OSB (Oriented Strand Board) treated with flame retardant paint on the front.

In the early morning hours of July 13, 2020, approximately 20 to 50 unidentified protesters started a fire in the middle of the pedestrian crosswalk located near the courthouse. After the fire was started, an unidentified protester took a flaming piece of wood from the fire and wedged it behind the protective siding that was attached to the exterior of the courthouse. Shortly after the flaming board was placed in the gap between the siding and the courthouse, defendant removed it and leaned it against the front of the siding. Other protesters soon removed it completely and extinguished it.

Defendant was identified by agents through a YouTube channel feed that was livestreaming the events, and defendant was subsequently arrested. The courthouse was not damaged from this conduct, but the parties agree that the attempted damage exceeds $1,000.

Agents were unable to identify the individual who initially wedged the flaming board between the protective siding and the courthouse.

### B. The Charge

On July 13, 2020, defendant made his initial appearance and was released on conditions. (ECF Nos. 4 and 5). On August 19, 2021, defendant pleaded guilty to a single count Information charging Willfully Injuring or Committing Any Depredation Against Any Property of the United States. (ECF No. 37).

### C. The Plea Agreement & Guideline Computations

With defendant's plea, the government will, subject to the limitations set forth in the agreement, recommend that defendant receive a two-level reduction for acceptance of responsibility.

The government agrees with the following PSR computations:

**Base Offense Level** (USSG § 2A2.4):                                      6

**Adjustments**

    Acceptance of Responsibility (USSG § 3E1.1):                      -2

**Total Offense Level:**                                                             4

The government agrees with Probation's computation of zero criminal history points, putting defendant in Criminal History Category I. This results in an advisory guideline range of 0 to 6 months' imprisonment.

## DISCUSSION

The parties recommend the Court impose the low end of the advisory guideline range of a one-year term of probation. It is no doubt a serious offense whenever fire is involved. However, defendant was not the instigator here, and in fact, his actions resulted in the lit board being moved from the untreated back surface of the siding to the treated outside surface of the siding, arguably diminishing the risk for fire spread. There is no evidence that defendant attended the protest with the intent to engage in violence, rather he appears to have been intoxicated and when the opportunity was presented to engage in criminal conduct, he did just that.

Defendant's lack of premeditation and minimal involvement with no resulting damage informs the government's recommendation in this matter, especially when compared to other arson cases stemming from the protests. For example, in *United States v. Gavaughn Streeter-Hillerich,* 3:20-mj-00217, the defendant intentionally set fire to a large dumpster that had been pushed up against the exterior of Portland Police Bureau's North Precinct. As the fire became larger, Streeter-Hillerich appeared to prevent an onlooker from extinguishing the fire, which ultimately had to be put out by firefighters and caused damage to the building. That case

resolved with a plea to Arson in the First Degree in the Multnomah County Circuit Court and defendant was sentenced to 60 months' imprisonment.[1] Another incident involved a defendant who used a flammable liquid to set the Justice Center on fire, damaging the building. That defendant resolved with a plea to Criminal Mischief in the First Degree, Arson in the First Degree, and Attempted Assault in the First Degree in the Multnomah County Circuit Court and was sentenced to 48 months' imprisonment. *United States v. Cyan Waters Bass,* 3:20-mj-00245. There is one arson case that has resolved in federal court, *United States v. Edward Thomas Schinzing* 3:20-cr-00298. Schinzing was one of approximately six people who unlawfully entered the Justice Center building and started a fire, causing damage to the interior. Schinzing was caught on video lighting papers on fire and moving the flaming papers to other areas of the office. He was sentenced to 15 months in federal prison for his role.

Defendant's conduct in the current matter, while serious, is less aggravated than the preceding cases as he was minimally involved, and no damage was sustained. The parties' recommendation reflects the seriousness of the offense and takes into account the need to provide just punishment and afford adequate deterrence to criminal conduct while satisfying the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

//
//
//
//

---

[1] The sentence reflects a global resolution that included resolution of three other pending state cases.

**Government's Sentencing Memorandum**                                        **Page 4**

## CONCLUSION

Based on the foregoing, the parties jointly recommend that this the Court impose a one-year term of probation, subject to the standard conditions, plus the special conditions recommended by the Probation Office, and a $100 fee assessment.

Dated: November 10, 2021.

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Ashley R. Cadotte*
ASHLEY R. CADOTTE, OSB #122926
Assistant United States Attorney